IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN G.,[1]                                    )
                                               )
                    Plaintiff,                 )
                                               )
v.                                             )          Civil Action No. 2:21CV39 (RCY)
                                               )
KILOLO KIJAKAZI,[2]                            )
Acting Commissioner of Social Security,        )
                                               )
                    Defendant.                 )
_____               )

## MEMORANDUM OPINION
### (Adopting Report and Recommendation of the Magistrate Judge)

This matter is before the Court on a Report and Recommendation ("R&R," ECF No. 22) from United States Magistrate Judge Douglas E. Miller filed on November 5, 2021, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R addresses the parties' cross-motions for summary judgment (ECF Nos. 17, 19), which Plaintiff and Defendant respectively filed on June 21, 2021, and July 21, 2021. Plaintiff objected to the R&R, and Defendant responded (ECF Nos. 23, 24). The Court will dispense with oral argument because the facts and legal contentions are fully developed, and argument would not aid the Court in its decisional process.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3); Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) ("[T]he objection requirement is designed to allow the district court to 'focus on

_____

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Kilolo Kijakazi is the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

specific issues, not the report as a whole.'" (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007))).  In conducting its review, this Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition of the case.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

The R&R thoroughly details the factual and procedural history of this matter.  (R&R at 2-28, ECF No. 22.)  This matter involves Plaintiff's application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act").  *See* 42 U.S.C. § 405(g). (*Id.* at 1.)  Plaintiff alleged disability beginning on September 28, 2014, based on post-traumatic stress disorder ("PTSD") with depressive disorder, upper extremity radiculopathy, cervical spondylosis with degenerative disc disease, shoulder strain, and tinnitus. (*Id.* at 2.)  Plaintiff's application was denied, both initially and upon reconsideration. (*Id.*)  An Administrative Law Judge ("ALJ") then held a hearing at Plaintiff's request, the first on January 17, 2020, and the second on April 29, 2020, and thereafter denied Plaintiff's claim for DIB, finding that he was not disabled during the period alleged. (*Id.*)  The ALJ followed a five-step evaluation process, pursuant to Social Security Administration regulations, in making the disability determination. (*Id.* at 11); *see Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) ("[T]he ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work."); 20 C.F.R. § 404.1520(a)(4).

"At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from his alleged disability onset date until the hearing date." (R&R at 12.)  Next, "[a]t step two, the ALJ

found that Plaintiff suffered from the following severe impairments: degenerative disc disease in the cervical spine, bilateral shoulder strains, tinnitus, depression, PTSD, and anxiety disorder with panic attacks." (*Id*.) Then, "[a]t step three, the ALJ found that Plaintiff did not suffer from a listed impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments." (*Id*.) Of particular relevance in this matter, "the ALJ found that Plaintiff's mental impairments – considered singly and in combination – did not satisfy the criteria of Listing 12.15, concerning trauma- and stress-related disorders." (*Id*.)

> Under Paragraph B of Listing 12.15, a mental impairment must result in at least one extreme or two marked limitations. The ALJ found that Plaintiff had a "marked" limitation only in "interacting with others." All other potential limitations were only "moderate." Therefore, Plaintiff did not satisfy Paragraph B. The ALJ similarly found that Paragraph C was not satisfied because Plaintiff's PTSD was not "serious and persistent," and he lacked the requisite medical history. Plaintiff thus was not per se disabled under Listing 12.15.

(*Id*.) (citations to Record omitted.) Next, the ALJ made a finding regarding Plaintiff's residual functional capacity ("RFC"), which was used during the remaining steps of the evaluation process. (*Id*.); *see* 20 C.F.R. § 404.1520(a)(4), (e); 20 C.F.R. § 404.1545(a). The ALJ determined Plaintiff had numerous limitations, finding that he was able

> to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except he could occasionally crawl. He was unable to climb ladders. He could frequently reach overhead with the right (dominant) arm. He could occasionally reach overhead with the left arm. He could frequently reach waist-to-shoulder with the left arm. He could frequently twist the cervical spine or head. He could tolerate no more than frequent exposure to vibration or extreme heat. He could not tolerate any exposure to sustained loud noises. He could tolerate no more than occasional exposure to workplace hazards such as unprotected heights or dangerous machinery. He was capable of simple, repetitive, and routine tasks. He could perform only nonproduction-paced tasks as to tempo and capacity. He could maintain a persistent effort on routine tasks. He could be in the presence of the public and tolerate rare interaction with the public, where "rare" is defined as five percent of the time. He could occasionally interact with coworkers and supervisors. He could tolerate occasional changes in tasks or work setting. He was capable of routine, work-related decision-making.

(*Id*. at 12-13.)

3

The ALJ determined at step four that Plaintiff was not able to perform to his past relevant work. (*Id*. at 13.)  At step five, the ALJ found that Plaintiff was not disabled because "considering [Plaintiff]'s age, education, work experience, and residual functional capacity, [Plaintiff] was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." (*Id.*)

On November 18, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final determination of the Commissioner. (*Id.* at 2); *see* 42 U.S.C. §§ 405(h), 1383(c)(3); 20 C.F.R. § 404.981.  Plaintiff then sought review of the ALJ's decision in this Court, filing his complaint on January 19, 2021. (ECF No. 1.)

The Magistrate Judge considered the challenges brought by Plaintiff.  In the Complaint, Plaintiff claimed that the "determinations made by the Defendant . . . were not supported by substantial evidence and were not in accordance with correct legal standards." (Complaint ¶ 7.)  In his motion for summary judgment, Plaintiff argues specifically that the ALJ failed "(1) to find that Plaintiff met the PTSD disability criteria under Listing 12.15; and (2) to ask the VE [vocational expert] a specific hypothetical accounting for concentration, persistence, and pace, in accordance with *Mascio*." (R&R at 2-3.)  The Magistrate Judge determined, with respect to the first issue, that "this Report finds no error in the ALJ's analysis of the evidence, including the ALJ's findings that Plaintiff's PTSD did not meet the criteria of Listing 12.15." (*Id.* at 10.)  As to the second issue, the Magistrate Judge determined that "[t]he Report also finds no error in the ALJ's hypothetical, and that Plaintiff's RFC appropriately accounted for concentration, persistence, and pace." (*Id*.)

Accordingly, the Magistrate Judge recommended to the Court, pursuant to 42 U.S.C. § 405(g), that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for

Summary Judgment be granted, and that the final decision of the Commissioner be affirmed. (*Id.* at 28); *see* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

On November 18, 2021, Plaintiff filed his Objections to the Magistrate Judge's R&R. (ECF No. 23.)  In his first objection, Plaintiff objects to Judge Miller's conclusion "that stated the Administrative Law Judge's decision that the Plaintiff had a marked limitation in the domain of Interact with Others was supported by substantial evidence." (*Id.* at 2.)  Plaintiff addresses evidence presented to the ALJ and contends that "[t]he evidence proves that [Plaintiff] had an extreme limitation in the domain of Interact with Others, and Judge Miller's conclusion that substantial evidence supported the Administrative Law Judge's conclusion that [Plaintiff] had a marked limitation in the domain of Interact with Others, as opposed to an extreme limitation, is in error and should not be accepted." (*Id*. at 2-3.)

In his second objection, Plaintiff objects to Judge Miller's conclusion "that stated the Administrative Law Judge's decision that the Plaintiff has a moderate limitation in the domain of Adapt and Manage Oneself was supported by substantial evidence." (*Id*. at 3.)  Plaintiff addresses evidence presented to the ALJ and contends that "[t]he evidence proves that [Plaintiff] had a marked limitation with the domain of Adapt and Manage oneself, and Judge Miller's conclusion that substantial evidence supported the Administrative Law Judge's conclusion that [Plaintiff] had a moderate limitation in the domain of Adapt and Manage Oneself, as opposed to a marked limitation, is in error and should not be accepted." (*Id*. at 3-4.)

In his third objection, Plaintiff objects to Judge Miller's conclusion "that the Administrative Law Judge gave appropriate weight to the opinion rendered by Dr. Stephen Saxby, Ph.D. who stated that [Plaintiff] could work at an occupation involving simple and routine tasks."

(*Id*. at 4.)  Plaintiff addresses evidence presented to the ALJ related to Dr. Saxby, Dr. Kalavapalli, Dr. Waxman, and Randy Rhoad, Ph.D., and contends that "[t]he Administrative Law Judge committed reversible error by assigning inappropriate weight to the finding of Dr. Stephen Saxby," that "[t]he Administrative Law Judge's decision that Dr. Stephen Saxby's opinion that [Plaintiff] could work at a job involving simple and routine tasks was not supported by substantial evidence based on all these facts, and it was error for Judge Miller to accept this conclusion reached by the Administrative Law Judge on this issue." (*Id*. at 4-7.)

In his fourth objection, Plaintiff objects to Judge Miller's conclusion "that the Administrative Law Judge's failure to ask the Vocational Expert a specific hypothetical question that accounted for his conclusion that [Plaintiff] had a moderate limitation in concentration, persistence and pace did not cause error." (*Id*. at 7.)  Plaintiff references case law and contends that "the hypothetical question posed to Vocational Expert Robert Edwards was legally insufficient," that the ALJ's "conclusion that [Plaintiff] could work at a job involving simple tasks that are not at a production pace was not supported by substantial evidence due to the lack of a question posed to the Vocational Expert that directly made a reference to concentration limitations." (*Id*. at 7-9.)

Thus, Plaintiff asks the Court to reject the R&R, reverse the ALJ's decision, or remand for further administrative proceedings with the ALJ and place certain requirements on the ALJ.  (*Id.* at 9-10.)

Defendant disagrees with the objections.  In her response, Acting Commissioner Kijakazi contends first that "Plaintiff has not presented any valid objection to the R&R but, rather, has improperly reasserted the same arguments that he asserted in his . . . briefs . . . [that] were before the Magistrate Judge when he issued the R&R." (Resp. to Objs. at 1, ECF No. 24.)  She contends that Plaintiff is "'merely rehash[ing] the arguments contained in his . . . briefs" and that Plaintiff's

objections "are tantamount to failing to object at all." (*Id.* at 2-3 (internal citations omitted).)

In response to the first and second objection, she contends that the Magistrate Judge correctly "affirmed the ALJ's finding that Plaintiff's impairments did not meet or equal listing 12.15," that the Magistrate Judge "correctly determined [that] substantial evidence supported the ALJ's finding that Plaintiff had, at most, a marked limitation in interacting with others," and that the Magistrate Judge found "substantial evidence supported the ALJ's finding that Plaintiff had a moderate (not a marked) limitation in the domain of adapting and managing himself." (*Id.* at 3-7.)

In response to the third objection, Defendant contends that the Magistrate Judge "correctly found that substantial evidence supported the ALJ's evaluation of Dr. Saxby's opinion," in particular in light of the new regulatory framework. (*Id.* at 7.) The new regulations focus on the "persuasiveness" of the medical opinions or prior administrative medical findings, and the most important factors in evaluating persuasiveness are "supportability and consistency." (*Id.*) The Magistrate Judge found that the ALJ properly analyzed the medical opinions under the applicable regulatory framework, provided a correct explanation, and appropriately "designed an RFT according to Dr. Saxby's limitations, adding some limitations beyond Dr. Saxby's." (*Id.* at 8.)

With regard to the fourth objection, Defendant argues that the Magistrate Judge "correctly determined . . . the RFC (and corresponding hypothetical to the VE) appropriately accounted for Plaintiff's moderate limitations in concentration, persistence, and pace, and [that] Plaintiff's reliance on *Mascio v. Colvin* . . . is unavailing." (*Id.* at 9.) Defendant contends that, as the Magistrate Judge explained, the ALJ in this case provided a "comprehensive explanation for his comprehensive RFC finding," and "fully accounted for Plaintiff's moderate concentration, persistence, or pace limitations by assigning an RFC that was limited" appropriately." (*Id.* at 10-11.)

When reviewing the decision of an ALJ, the reviewing court "must uphold the factual

findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (alteration in original) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).   When assessing "substantial evidence," the Court looks for "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," which is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).   In 2019, the Supreme Court confirmed that the substantial-evidence standard "is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).   It explained that "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (alteration in original) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).   "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.   Even more recently, in 2020, the Supreme Court reaffirmed that the substantial-evidence standard is "highly deferential," explaining that "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citing 8 U.S.C. § 1252).

The Court cannot "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson*, 434 F.3d at 653 (second alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *see also Biestek*, 139 S. Ct. at 1156 (referring to the substantial evidence standard as "deferential"); *Nasrallah*, 140 S. Ct. at 1692 (referring to the standard as "highly deferential").   "A factual finding by the ALJ is not binding [however] if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

In line with this standard, having reviewed the record, Plaintiff's objections, and the Magistrate Judge's detailed R&R, this Court finds that the Magistrate Judge applied the proper standard and that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law as to the arguments asserted by Plaintiff, which were properly considered and rejected by the Magistrate Judge.  Accordingly, Plaintiff's objections will be overruled.

For these reasons, the Court hereby ACCEPTS and ADOPTS the Magistrate Judge's R&R (ECF No. 22).  Plaintiff's Motion for Summary Judgment, (ECF No. 17), will be denied, and Defendant's Motion for Summary Judgment, (ECF No. 19), will be granted.  The final decision of the Commissioner will be affirmed.

An appropriate Order will accompany this Memorandum Opinion.

/s/

Roderick C. Young
United States District Judge

Norfolk, Virginia
Date:  December 21, 2021